UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:20-cv-21876-GAYLES/OTAZO-REYES

**ROSA CANCANON**,
    Plaintiff,

v.

**ESA MANAGEMENT, LLC**,
    Defendant.
_____/

**ORDER**

    **THIS CAUSE** comes before the Court on Defendant ESA Management, LLC's Motion to Dismiss Plaintiff's Second Amended Complaint (the "Motion") [ECF No. 38]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons that follow, the Motion is denied.

**BACKGROUND**[1]

**I.**     **Factual Background**

    This action arises from injuries that Plaintiff Rosa Cancanon sustained at an Extended Stay America Hotel owned and operated by Defendant. On the afternoon of November 16, 2019, Plaintiff was a business invitee at an Extended Stay America Hotel located at 101 Fairway, Miami Springs, Florida. She was assigned to Room Number 234, where she briefly entered the room before leaving to attend a baptism. That evening, Plaintiff returned to her hotel room and slipped on water on the floor that leaked from underneath the kitchenette sink cabinet. No "wet floor" or "caution" signs were posted on the floor where Plaintiff slipped. As a result, Plaintiff fell and sustained injuries.

---

[1] As the Court proceeds on a motion to dismiss, it accepts the allegations in Plaintiff's Second Amended Complaint as true. *See Brooks v. Blue Cross & Blue Shield of Fla. Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (per curiam).

## II. Procedural History

On April 9, 2020, Plaintiff filed this action against Extended Stay America, Inc., and ESH H Portfolio, LLC (collectively, the "Original Defendants"), in the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida. [ECF No. 1-2]. On May 5, 2020, the Original Defendants removed this action based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. [ECF No. 1]. On May 26, 2020, Plaintiff filed her First Amended Complaint, bringing one count of negligence against Defendant ESA Management LLC. [ECF No. 4]. On June 9, 2020, Plaintiff and the Original Defendants filed a Stipulation for Dismissal, [ECF No. 7], and on October 2, 2020, the Court dismissed the Original Defendants, [ECF No. 28]. On June 25, 2020, Defendant filed a Motion to Dismiss the First Amended Complaint, [ECF No. 8], which the Court granted on December 30, 2020, [ECF No. 34]. On January 25, 2021, Plaintiff filed her Second Amended Complaint bringing one count of negligence against Defendant. [ECF No. 37]. On January 27, 2021, Defendant filed the instant Motion.

## LEGAL STANDARD

To survive a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" meaning that it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a court must accept well-pleaded factual allegations as true, "conclusory allegations . . . are not entitled to an assumption of truth—legal conclusions must be supported by factual allegations." *Randall v. Scott*, 610 F.3d 701, 709–10 (11th Cir. 2010). "[T]he pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120

(11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the plaintiff. *Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1270 (11th Cir. 2016). At bottom, the question is not whether the claimant "will ultimately prevail . . . but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011) (citation and internal quotation marks omitted).

## ANALYSIS

### I. The Court's Jurisdiction

The Court must first address whether it maintains diversity jurisdiction over this matter. The Original Defendants removed this action pursuant to 28 U.S.C. § 1332, alleging that the parties were completely diverse and that the amount in controversy exceeded $75,000. However, the Court's diversity jurisdiction came into question after the Original Defendants were dismissed from this action. *See* [ECF No. 28]. On October 2, 2020, the Court required Plaintiff and Defendant ESA Management LLC to submit supplemental briefing as to whether the Court maintained diversity jurisdiction over this action. [ECF No. 29]. The parties filed supplemental briefing which state that Plaintiff is a citizen of Florida and Defendant ESA Management LLC is a citizen of Delaware and North Carolina. [ECF Nos. 30 & 31].

District courts enjoy "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States . . . ." 28 U.S.C. § 1332(a)(1). "Diversity jurisdiction requires complete diversity: every plaintiff must be diverse from every defendant." *Torreyes v. Godiva Chocolatier, Inc.*, 424 F. Supp. 3d 1276, 1280 (S.D. Fla. 2019) (citing *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998)). An unincorporated business entity, such as a limited liability company, "is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast*

*SCH Holdings, L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam). Additionally, where it is unclear whether the amount in controversy is met, "the district court may consider evidence outside of the removal petition, including demand letters, if the facts therein existed at the time of the removal." *Moses v. Home Depot U.S.A., Inc.*, No. 13-CIV-60546, 2013 WL 11977917, at *2 (S.D. Fla. June 19, 2013) (citations omitted).

The Court finds that diversity jurisdiction exists and, thus, the Court has subject matter jurisdiction over this action. In its supplemental briefing, Defendant ESA Management LLC states that it is a Delaware and North Carolina Limited Liability Company in which its members are either Delaware or North Carolina citizens, or both. [ECF No. 30 at 2 ¶¶ 8–12]. In her supplemental briefing, Plaintiff states that she is a citizen of Florida. [ECF No. 31 at 2 ¶ 6]. Because Plaintiff is a citizen of Florida and Defendant ESA Management LLC is a citizen of Delaware and North Carolina, complete diversity of citizenship exists between the parties. *See* [ECF Nos. 30 & 31]. Additionally, the amount in controversy is satisfied because the pre-suit demand package states that Plaintiff's medical treatment at the time of removal amounted to $206,999.52. [ECF No. 1-4 at 4]. Therefore, the Court maintains diversity jurisdiction over this action.

II.     **Plaintiff's Second Amended Complaint is Sufficiently Plead[2]**

The Court finds that Plaintiff properly alleges her negligence claim in her Second Amended Complaint. To bring a negligence claim in Florida, a plaintiff must allege that: "(1) the defendant had a legal duty to protect the plaintiff from particular injuries; (2) the defendant breached that duty; (3) the defendant's breach actually and proximately caused the plaintiff's injuries; and (4)

---

[2] Because this action is based in diversity jurisdiction, the Court applies Florida substantive law. *See Erie R. Co. v. Thompkins*, 304 U.S. 64, 78 (1938) (requiring federal courts in diversity actions to apply the *substantive* law of the state in which it sits). "In rendering a decision based on state substantive law, a federal court must 'decide the case the way it appears the state's highest court would.'" *Q.B.E. Ins. Corp. v. Jorda Enters. Inc.*, No. 10-CIV-21107, 2010 WL 11442644, at *2 (S.D. Fla. Aug. 18, 2010) (citation omitted).

the plaintiff suffered actual harm." *Palavicini v. Wal-Mart Stores E., LP*, 787 F. App'x 1007, 1010 (11th Cir. 2019) (per curiam) (citing *Zivojinovich v. Barner*, 525 F.3d 1059, 1067 (11th Cir. 2008)). "[T]he duties owed by a business to one of its invitees are: '(1) to take ordinary and reasonable care to keep its premises reasonably safe for invitees; and (2) to warn of perils that were known or should have been known to the owner of which the invitee could not discover.'" *Lago v. Costco Wholesale Corp.*, 233 So. 3d 1248, 1250 (Fla. 3d DCA 2017) (quoting *Delgado v. Laundromax, Inc.*, 65 So. 3d 1087, 1089 (Fla. 3d DCA 2011)).

In Florida, "[i]f a person slips and falls on a transitory foreign substance in a business establishment, the injured person must prove that the business establishment had actual or constructive knowledge of the dangerous condition and should have taken action to remedy it." Fla. Stat. § 768.0755(1). "Actual knowledge exists when a business owner or one of its employees 'knows of or creates the dangerous condition.'" *Perez De Melguizo v. Target Corp.*, No. 18-CIV-24106, 2019 WL 3890326, at *2 (S.D. Fla. June 14, 2019) (quoting *Barbour v. Brinker Fla., Inc.*, 801 So. 2d 953, 957 (Fla. 5th DCA 2001)). Constructive knowledge may be shown through circumstantial evidence that: "(a) The dangerous condition existed for such a length of time that, in the exercise of ordinary care, the business establishment should have known of the condition; or (b) The condition occurred with regularity and was therefore foreseeable." Fla. Stat. § 768.0755(1)(a)–(b).

Defendant argues that the Second Amended Complaint should be dismissed because Plaintiff fails to state a failure to warn claim and because she comingles claims, resulting in the Second Amended Complaint being a shotgun pleading.[3] The Court finds no merit to Defendant's

---

[3] Defendant also argues that Plaintiff fails to properly allege a claim under the Florida Building Code and that Plaintiff cannot bring a negligent mode of operation claim. *See* [ECF No. 38 at 4–5, 8–10]. In her Response, Plaintiff represents that she does not raise such claims in the Second Amended Complaint. [ECF No. 39 at 6–7]. Therefore, the Court need not make this determination.

arguments. In her Second Amended Complaint, Plaintiff identifies herself as a business invitee on Defendant's property, indicates the date of the incident, and identifies the location and cause of the accident. *See Glasco v. Pembroke Lakes Mall, LLC*, No. 18-CIV-60551, 2019 WL 1112277, at *3 (S.D. Fla. Jan. 15, 2019) (finding that the plaintiff sufficiently stated a negligence claim by defining her status on the property as an invitee, stating the date of the accident, identifying her location on the premises, and describing the cause of her fall), *report and recommendation adopted*, No. 18-CIV-60551, 2019 WL 1115867 (S.D. Fla. Feb. 6, 2019). Plaintiff also properly alleges the necessary elements of her negligence claim and supports each element with factual allegations. While the Second Amended Complaint is "factually meager, [it] meets [Plaintiff's] burden as it places Defendant[] on notice as to what the 'claim is and the grounds upon which it rests.'" *Fink v. Burlington Coat Factory of Fla., LLC*, No. 13-CIV-62316, 2014 WL 2158416, at *4 (S.D. Fla. May 23, 2014) (quoting *Twombly*, 550 U.S. at 555). At the motion to dismiss stage, the Second Amended Complaint provides sufficient factual allegations to assert a claim for negligence. Therefore, Defendant's Motion shall be denied.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant ESA Management, LLC's Motion to Dismiss Plaintiff's Second Amended Complaint, [ECF No. 38], is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 11th day of June, 2021.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE